**Not for Publication**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| T.R.,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | **Civil Action No. 23-cv-23272 (SRC)**<br><br>**OPINION** |

**CHESLER**, District Judge

This matter comes before the Court on the appeal by Plaintiff T.R. ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits ("DIB") under Title II of the Social Security Act (the "Act"), 42 U.S.C. § 1381, et seq. This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g). Having considered the parties' submissions, (D.E. No. 8 ("Pl.'s Mov. Br."); D.E. No. 13 ("Def.'s Opp. Br."); D.E. No. 14 ("Pl.'s Reply Br.")), the Court decides this matter without oral argument and, for the reasons set forth below, the Court affirms the decision of the Commissioner.

## I. BACKGROUND

On December 31, 2020, Plaintiff filed an application for DIB. (D.E. No. 5-2, Administrative Record ("Tr.") at 15.) Plaintiff alleged disability starting April 1, 2019. This claim

was initially denied on June 8, 2021, and upon reconsideration on November 16, 2021. A hearing was held before Administrative Law Judge ("ALJ") Sharon Allard on October 6, 2022, and on November 15, 2022, the ALJ issued a decision determining that Plaintiff was not disabled under the Act because, given Plaintiff's residual functioning capacity ("RFC"), Plaintiff remained capable of performing jobs existing in significant numbers in the national economy. Plaintiff sought review of the ALJ's decision from the Appeals Council. After the Appeals Council denied Plaintiff's request on October 30, 2023, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal. (Tr. at 6-7.)

In the November 15, 2022 decision, the ALJ found that, at step three, Plaintiff did not meet or equal any of the Listings. At step four, the ALJ found that Plaintiff had the RFC to perform a range of sedentary work with certain limitations. The ALJ also found that Plaintiff was able to perform her past relevant work as a manager. At step five, the ALJ found that in addition to past relevant work, there were jobs that exist in significant numbers in the national economy that Plaintiff could perform. Thus, the ALJ determined that Plaintiff was not disabled within the meaning of the Act. On appeal, Plaintiff alleges that substantial evidence does not exist to support the ALJ's determination as to Plaintiff's RFC.

## II. LEGAL STANDARD

This Court must affirm the Commissioner's decision if it is "supported by substantial evidence." 42 U.S.C. §§ 405(g), 1383(c)(3); Stunkard v. Sec'y of Health and Human Services, 841 F.2d 57, 59 (3d Cir. 1988); Doak v. Heckler, 790 F.2d 26, 28 (3d Cir. 1986). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). Substantial evidence "is more than a mere scintilla of

evidence" but may be less than a preponderance. McCrea v. Comm'r of Soc. Sec., 370 F.3d 357, 360 (3d Cir. 2004). The Supreme Court reaffirmed this in Biestek v. Berryhill, 587 U.S. 97, 103 (2019). The reviewing court must consider the totality of the evidence and then determine whether there is substantial evidence to support the Commissioner's decision. See Taybron v. Harris, 667 F.2d 412, 413 (3d Cir. 1981).

## III. DISCUSSION

On appeal, Plaintiff argues that the Court should vacate and remand the Commissioner's decision because substantial evidence does not exist to support the ALJ's determination as to Plaintiff's RFC. Plaintiff's argument rests on two grounds: 1) the ALJ committed a legal error when evaluating the opinion of Dr. Hoppe; and 2) the ALJ's decision does not contain an evaluation of Plaintiff's subjective complaints. This Court is not persuaded by either argument.

Plaintiff bears the burden in the first four steps of the analysis of demonstrating how her impairments, whether individually or in combination, amount to a qualifying disability. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987). Moreover, Plaintiff must not only show that the Commissioner erred, but also that the error was harmful. The Supreme Court explained this operation in a similar procedural context in Shinseki v. Sanders, 556 U.S. 396, 409 (2009), which concerned review of a governmental agency determination. The Court stated: "the burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." Id. In such a case, "the claimant has the 'burden' of showing that an error was harmful." Id. at 410. Thus, at the first four steps, Plaintiff must show that but for the error, she might have proven her disability.

At step four, the ALJ determined that Plaintiff retained the RFC for sedentary work with certain limitations. In arriving at this determination, the ALJ stated that she "considered all

symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence[.]" (Tr. at 20.) Plaintiff claimed that she had stopped working because she was dealing with severe pain and could not stand for more than 5-10 minutes and could only walk for about 20 minutes. (Id. at 21.) The ALJ found that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms [were] not entirely consistent with the medical evidence and other evidence in the record[.]" (Id.)

In reviewing medical opinions and prior administrative findings, the ALJ rejected the opinion of medical examiners utilized by the Disability Determination Services ("DDS"), who determined that Plaintiff's impairments were not severe. (Id. at 25.) The ALJ found Plaintiff's impairments severe as the record showed "persistent symptomatology and treatment and examinations have noted some pain with movement as well as a few positive tender points." (Id.) The ALJ further noted that Plaintiff's conditions require persistent medication which affects her ability to perform a full range of work activity. (Id.)

The ALJ also considered the opinion of Plaintiff's treating practitioner, Dr. James Hoppe. In June 2021, Dr. Hoppe issued a letter advising that Plaintiff was diagnosed with fibromyalgia which historically causes chronic pain and fatigue. (Tr. at 25.) Dr. Hoppe advised that Plaintiff's migraines were severe and recurrent but was unable to ascertain her specific limitations and ability to maintain a full-time job as her conditions were not his specialty. (Id.) In May 2022, Dr. Hoppe issued a medical source statement advising that Plaintiff's headaches had decreased from 2-3 times per week to once per month and determined that Plaintiff was capable of high stress work with certain limitations. (Id. at 25-26.) The ALJ's discussion of Dr. Hoppe's opinion is as follows:

> The undersigned notes that while Dr. Hoppe initially determined the claimant should stop working in October 2019, same was due to the claimant's work environment, which was exacerbating her symptoms. Since then, the doctor has advised he is unable to

> determine the claimant's specific limitations but noted her migraines have improved to only once per month and were controlled and ultimately that she would be able to work in a stress environment and likely only miss one day of work per month. Such findings are not inconsistent with the sedentary residual functional capacity outlined herein and are generally supported by the record, which does not show the claimant was in any distress and remained fully oriented, with no . Additionally, the doctor's finding that claimant has limitations in walking, bending, standing, lifting, stooping and using the hands, is ill-defined, failing to the provide the extent of such limitations. There is no suggestion the doctor is limiting the claimant to never performing such activities. Ultimately, such findings are not persuasive, due to their conclusory nature. However, the doctor's concerns and underlying clinical findings have been considered when determining the residual functional capacity.

(Tr. at 26.)[1]

First, Plaintiff argues that the ALJ's evaluation of Dr. Hoppe's opinion did not comply with 20 C.F.R. § 404.1520c. This Regulation requires that all medical opinions be evaluated for persuasiveness based primarily on the factors of supportability (extent to which a medical source has supported an opinion with explanations and evidence) and consistency (with other medical evidence). See 20 C.F.R. § 404.1520c. Plaintiff argues that the ALJ "failed to properly evaluate the consistency and supportability of Dr. Hoppe's opinions" as required under the Regulation, thus committing legal error requiring a remand. (Pl.'s Mov. Br. at 17, 19.) Plaintiff also argues that the ALJ's evaluation of Dr. Hoppe's opinion fails to meet the minimum level of articulation required. (Id. at 20.) The Court is not persuaded.

The Court observes that substantial evidence supports the ALJ's finding as to Dr. Hoppe's opinion. In determining that Plaintiff retained the RFC for sedentary work with certain limitations, the ALJ found Dr. Hoppe's opinion that Plaintiff could work in a high stress environment

[1] Regardless of whether this portion of the ALJ's decision may be incomplete or contain a typographical error as the parties dispute, the Court's analysis is not impacted as the ALJ's decision is still supported by substantial evidence.

persuasive. The ALJ noted that as justification for this finding, Dr. Hoppe explained that Plaintiff's migraines were controlled and reduced to occurring once per month. (Tr. at 26.) The ALJ found Dr. Hoppe's opinion to be generally supported by the medical evidence of record "which d[id] not show the claimant was in any distress and remained fully oriented[.]" (Id.) Although Plaintiff argues the ALJ's reference to "the record" here is insufficient, the Court disagrees. (Pl.'s Mov. Br. at 19.) In an earlier portion of the decision, the ALJ provided a detailed analysis of the objective medical evidence spanning four pages, (see Tr. at 21-24), and noted that examinations indicated Plaintiff "remained neurologically intact and was noted to have full orientation" as well as intact memory, cognition, strength, sensation, coordination and gait. (Tr. at 24.) Thus, the ALJ's reference to "the record" is sufficient when reading the decision as a whole. Moreover, contrary to Plaintiff's assertion, the ALJ did not "compare" the RFC determination with Dr. Hoppe's opinion to evaluate consistency of medical evidence under 20 C.F.R. § 404.1520c. (Pl.'s Mov. Br. at 18-19.) Rather, the ALJ merely noted that the RFC determination was consistent with this portion of Dr. Hoppe's opinion to demonstrate support for the RFC based on the record.

The ALJ also found a separate portion of Dr. Hoppe's opinion unpersuasive. Dr. Hoppe indicated that Plaintiff had limitations in walking, bending, standing, lifting, stooping, and using hands. (D.E. No. 5-12 at 671-72.) The ALJ found these limitations to be "ill-defined" and conclusory in nature as Dr. Hoppe failed to explain the extent of these limitations. (Tr. at 26.) Thus, the Court observes that the ALJ clearly explained this portion of Dr. Hoppe's opinion was not supported with explanations and evidence as required under the supportability factor of the Regulation. Regardless, the ALJ noted that Dr. Hoppe's "concerns and underlying clinical findings have been considered" when determining the RFC and ultimately added "postural, environmental, reaching, handling and fingering limitations, to account for pain with movement

as well as to provide safety precautions" consistent with Dr. Hoppe's opinion. (Id. at 24-25, 26.) The Court finds the ALJ's assessment of Dr. Hoppe's opinion consistent with the requirements of 20 C.F.R. § 404.1520c and sufficient to meet the required level of articulation.

Moreover, the Court observes that Plaintiff has failed to show she was harmed by any potential error. Dr. Hoppe's opinion supports the inference that Plaintiff is capable of high stress work with certain limitations. Even if this Court were to find that the ALJ erred in her evaluation of Dr. Hoppe's opinion, Plaintiff has not demonstrated that she was harmed by any error in the ALJ's evaluation of Dr. Hoppe's opinion. The fundamental problem for Plaintiff is that this Court agrees with the Commissioner that Dr. Hoppe's opinion constitutes substantial evidence supporting the RFC determination at step four. Plaintiff has not explained how Dr. Hoppe's opinion, which stated that she can work, could have been weighed differently so as to change it into an opinion that she cannot work. As such, any defect could not be more than harmless error and, as in Rutherford v. Barnhart, 399 F.3d 546, 553 (3d Cir. 2005), "a remand is not required here because it would not affect the outcome of the case."

Second, Plaintiff argues that the ALJ's decision does not contain an evaluation of Plaintiff's subjective complaints about her conditions. This Court disagrees. Allegations of pain "may not be disregarded unless there exists contrary medical evidence." Mason v. Shalala, 994 F.2d 1058, 1067-1068 (3d Cir. 1993). As noted above, the ALJ considered Plaintiff's subjective complaints of pain, but ultimately concluded that Plaintiff's complaints were not entirely consistent with the medical evidence of record. (Tr. at 21-24.) The ALJ discussed the objective medical evidence noting that Plaintiff's migraines have responded to treatment and appears to have given weight to Dr. Hoppe's opinion that the frequency of Plaintiff's migraines decreased from 2-

3 times per week to once per month. (Id. at 24.) The ALJ did not err in her evaluation of Plaintiff's subjective complaints.

In short, Plaintiff has not met her burden on appeal. The ALJ determined that Plaintiff had the RFC to perform high stress work with certain limitations. This determination is supported by Dr. Hoppe's opinion, the objective medical evidence of record, and the DDS medical experts' opinion that Plaintiff's impairments were not severe. (Id. at 25-27.) Although the ALJ disagreed with the DDS consultants' opinion in finding Plaintiff's impairments to be severe, the ALJ ultimately cited their findings as evidence in support of the RFC determination as their opinion that Plaintiff's impairments were not severe supports the determination that Plaintiff could perform high stress work with certain limitations. (Id. at 27.) On this record, the step four determination is supported by substantial evidence. Plaintiff has failed to persuade this Court that the ALJ erred in her decision, has not shown that the evidence supported a decision in her favor, and has made no demonstration that she was harmed by any errors to demonstrate prejudice as required by Shinseki.

## IV. CONCLUSION

For the reasons set forth above, this Court finds that the ALJ's decision is supported by substantial evidence and the decision of the Commissioner is affirmed.

s/Stanley R. Chesler
STANLEY R. CHESLER, U.S.D.J.

Dated: April 25, 2025